UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DRAZEN BLAZEYIC,

     Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

     Respondent.

Case No. C12-2259-TSZ-BAT

**REPORT AND RECOMMENDATION**

### I.  INTRODUCTION AND SUMMARY CONCLUSION

On January 10, 2013, petitioner Drazen Blazeyic filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from immigration custody or an individualized bond hearing. Dkt. No. 3. After the habeas petition was filed, however, petitioner was removed from the United States to Croatia pursuant to an administratively final order of removal. Dkt. No. 13, Exh. A. Because petitioner was removed from the United Sates and is no longer in immigration custody, his habeas petition has become moot and should be dismissed.

### II.  DISCUSSION

Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in custody" requirement is satisfied at the time the petition is filed.

REPORT AND RECOMMENDATION- 1

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  To maintain a habeas claim, a petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings."  *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001).  At any stage of the proceedings, a petition may become moot "because it no longer present[s] a case or controversy under Article III, § 2, of the Constitution."  *Spencer*, 523 U.S. at 7.  "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining collateral consequences that may be redressed by success on the petition."  *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing *Spencer*, 523 U.S. at 7).

Here, the relief sought in the habeas petition is no longer available and there are no collateral consequences that may be redressed.  *See id*. ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody.").  The habeas petition, therefore, has become moot and should be dismissed.  *See id.*; *see also Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992)(holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe).

### III.   CONCLUSION

For the foregoing reasons, the court recommends that this action be dismissed as moot.  A proposed order accompanies this Report and Recommendation.

Any objections to this Report and Recommendation must be filed and served upon all parties no later than **April 23, 2013.**  If no objections are filed, the matter will be ready for the Court's consideration on **April 26, 2013**.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for

the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed ten (10) pages.  The failure to timely object may affect the right to appeal.

DATED this 9th day of April, 2013.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3